IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER CREWS,** | § | |
|         **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| **SURETECH COMPLETIONS** | § | |
| **(USA), INC.** | § | |
|         **Defendant.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Christopher Crews files this, his Original Complaint, against Defendant SureTech Completions (USA), Inc., for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Christopher Crews ("Plaintiff" or "Crews") is currently a citizen and resident of Spring, Texas.

2. Defendant SureTech Completions (USA), Inc., (referred to hereinafter as "SureTech" or "Defendant"), is a foreign corporation authorized to do and is doing business in the State of Texas. Its main corporate office for the United States is in Houston, Texas. Defendant can be served with process by and through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343, and 38 U.S.C. §4323(b). Venue exists in this district and division as detailed in 28 U.S.C. §1391, and 38 U.S.C. §4323(c).

## II. FACTUAL BACKGROUND

4.      Plaintiff was employed by Defendant from approximately August 2013, until his termination in November 2013.  At the time Plaintiff was hired by Defendant he was employed by another company making a substantial income, and he decided to change jobs because of the better opportunities/compensation promised by Defendant.  Plaintiff was told when he was hired -- and thereafter -- that there was a significant amount of work and opportunity for him with Defendant.

5.      Plaintiff is currently a helicopter pilot for the United States' Army Reserve ("Army Reserve").  This required Plaintiff to occasionally miss work to meet his Army Reserve commitment.  Based on later conversations with Defendant's management, it is clear that Defendant did not have a full appreciation for this Army Reserve commitment at the time Plaintiff was hired.

6.      Plaintiff's normal commitment to the Army Reserve is one weekend a month, and two (2) weeks in the summer.  However, a few months after his employment with Defendant, the Army Reserve required Plaintiff to attend a mandatory-training class, (which was supposed to last approximately six (6) weeks, but was cut down to two (2) weeks because of the government shutdown).  Plaintiff provided Defendant with all the required notices, and he went to his training as required.

7.      When Plaintiff informed Defendant that he was able to return to work in his job as a Senior Field Technician, Defendant failed to send him out on any jobs in the field, which significantly impacted his income.  Thereafter, Plaintiff was approached by the sales manager – a person whom was not Plaintiff's supervisor and whom Plaintiff had never met.  The sales manager asked Plaintiff about his military commitments, and then told Plaintiff that he was being terminated because Defendant did not have enough work for him to perform.  Plaintiff knew that

the reasons being provided to him for termination were untruthful, so he confronted the sales manager about the details of why he was really being terminated. The sales manager was completely incapable of explaining the termination decision, relying instead on the claim that he was merely doing what he was told to do by management.

8. Thereafter, Plaintiff contacted his supervisor to find out the actual reason he was being terminated. Defendant's supervisor explained that upper-level managers were upset that Plaintiff had to go to Army Reserve training. Thereafter Plaintiff had another conversation with his supervisor about his termination, and this supervisor confirmed that upper-level management had terminated Plaintiff because of his "military stuff." This is direct evidence that Defendant failed to reinstate Plaintiff, and terminated him, because of his previous and ongoing military commitments to the Army Reserve.

### III. CAUSES OF ACTION

#### A. Violation of Uniformed Services Employment and Reemployment Rights Act

9. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 8 as if fully stated herein.

10. Plaintiff satisfied all jurisdictional prerequisites in connection with his claims as he chooses to not apply to the Secretary of Labor for assistance under 38 U.S.C. §4322(a), or refer his complaint to the Attorney General of the United States.

11. This action is being commenced under the rules and requirements of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §4301, *et. seq.*, ("USERRA").

12. Defendant is an "employer" as defined by USERRA.

13. Plaintiff was an "employee" as defined by USERRA.

14. As described above, Defendant intentionally and willfully violated USERRA by discriminating against Plaintiff, failing to reinstate him, and terminating him because of his membership in the Army Reserve, his performance of services for the Army Reserve, and/or his obligations for the Army Reserve. This is in direct violation of 38 U.S.C. §§4311, 4312, and 4313. This discrimination affected the terms and conditions of Plaintiff's employment, including, but not limited to, leading to loss of pay and Defendant's termination of Plaintiff.

15. Defendant does not have adequate policies or procedures in place to address the discrimination, nor did they implement prompt remedial measures.

16. As a result of Defendant's violations, (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits, (past and future), Plaintiff has also suffered mental trauma, loss of enjoyment of life, and other losses.

17. As a result of these willful and intentional violations of federal law mentioned above by Defendant, Plaintiff requests that he be awarded all compensatory and punitive damages to which he is entitled, equitable and/or injunctive relief, and attorney fees and costs.

### B. Fraud and Fraud by Non-Disclosure

18. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 17 as if fully stated herein.

19. To the extent that Defendant claims that it did not have sufficient work for Plaintiff to perform necessitating termination, Defendant made material representations that were both false and misleading in order to recruit Plaintiff to work for Defendant. Defendant knew, or should have known, that such potential misrepresentations would induce Plaintiff to leave his previous job, and would cause Plaintiff substantial economic harm.

20. As a result of Defendant's materially false and reckless misrepresentations, (which were detrimentally relied on by Plaintiff), and Defendant's failure to disclose material facts about the Defendant's employment needs, Plaintiff lost significant income and incurred additional expenses and costs. As a result of these actions by Defendant, Plaintiff request all damages incurred as a result of this fraud.

## IV. JURY DEMAND

Plaintiff requests trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

c. Judgment against Defendant for liquidated and punitive damages in the maximum amount allowed under law;

d. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violations of USERRA and Texas' common law;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorney's fees; and

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**/s/ Robert (Bobby) Lee**
**Robert (Bobby) Lee**
Texas Bar No. 00787888
lee@l-b-law.com
**Megan Dixon**
Texas Bar No. 24079901
Dixon@l-b-law.com

## Lee & Braziel, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Telephone: (214) 749-1400
Telecopier: (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**